The order of the Special Term should be affirmed, with ten dollars costs and with the disbursements of this appeal.

All concurred.

Order affirmed, with ten dollars costs and disbursements.

---

OSGOOD V. TRACY and CHARLES S. TRACY, Respondents, v. THE G. H. HAMMOND COMPANY, of Syracuse, N. Y., and JOHN A. HOXSIE, Sheriff of Onondaga County, Appellants, Impleaded with Others.

*Assignment collateral to a debt not described — rights of a second assignee on proof that no such debt exists.*

On the 16th day of August, 1893, Theresa M. Christian assigned to Thomas Lane and Frank Moore her book accounts and bills receivable as collateral security for "any indebtedness due or owing them" from her, and on the 17th day of August, 1893, she assigned the same book accounts and bills receivable to Osgood V. Tracy and Charles S. Tracy, subject to the prior assignment of them made by her to Lane and Moore. On August 19, 1893, the G. H. Hammond Company obtained an attachment against the property of Theresa M. Christian and levied upon the same accounts and bills receivable, and subsequently, in an action in the nature of a creditor's bill, caused the assignment to Lane and Moore to be set aside as fraudulent, the debt attempted to be secured being one due to Lane and Moore, not from Theresa M. Christian, but from her husband.

The present action was brought by Osgood V. Tracy and Charles S. Tracy to have their rights adjudged to be superior to those of the G. H. Hammond Company.

*Held,* that the plaintiffs had the better right;

That the assignment made by Theresa M. Christian to Lane and Moore, although valid as between the parties to it, was not absolute, but was given only as collateral security for a debt not specified nor described, and as no indebtedness

existed on the part of Theresa M. Christian to Lane and Moore, the plaintiffs were entitled to be first paid out of the proceeds of such accounts and bills receivable.

APPEAL by the defendants, The G. H. Hammond Company, of Syracuse, N. Y., and another, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of Onondaga on the 8th day of May, 1895, upon the decision of the court rendered after a trial at the Onondaga Special Term.

The action was a creditor's suit.

*Benjamin Stolz* and *Wm. S. Jenney*, for the appellants.

*William G. Tracy*, for the respondents.

Present — HARDIN, P. J., FOLLETT, ADAMS, GREEN and WARD, JJ.

Judgment affirmed, with costs on the opinion of VANN, J., delivered at Special Term.

The following is the opinion of VANN, J. :

VANN, J. :

On the 16th day of August, 1893, the defendant Theresa M. Christian assigned to the defendants Thomas Lane and Frank Moore her book accounts and bills receivable " as collateral security to secure them for any indebtedness due or owing them from me, with full authority to sue and collect the same in my name or otherwise, and when such indebtedness shall be fully paid, then this assignment shall be null and void, and the balance of said accounts shall revert to myself, my heirs and assigns."

On the 17th of August, 1893, said Christian assigned to the plaintiffs " all book accounts and bills receivable owing to me of every name and nature, subject to a prior assignment thereof to Thomas Lane and Frank Moore, made as collateral security for my indebtedness to them; and when the claim of said Lane & Moore is satisfied I authorize the said O. V. Tracy & Co. to sue and collect the said accounts in my name or otherwise, and apply the proceeds thereof upon my indebtedness to said O. V. Tracy & Co., and when the same shall be paid this assignment shall be void."

On August 19, 1893, the defendant, The G. H. Hammond Company, obtained an attachment against the property of Mrs. Christian, and the same was duly levied upon the accounts in question, which are of the face value of about $1,500, and of the actual value of about $800. Subsequently the G. H. Hammond Company, through an action brought in this court in the nature of a creditor's bill, caused said assignment to Lane & Moore to be set aside as fraudulent and void, and the lien of its attachment on said accounts to be adjudged superior to their rights.

The object of this action is to procure a judgment declaring the rights of the plaintiffs to be superior to those of the Hammond Company.

The first question arising for decision is whether the assignment to the plaintiffs was executed and delivered to them prior to the levy of said attachment. This presents a question of fact which I have decided in favor of the plaintiffs, as the weight of evidence in my opinion tends strongly in that direction.

The appellants, however, contend that as the first assignment was valid as between the parties, it was equally binding upon their assigns, and that Mrs. Christian could not by a voluntary act of hers transfer to the plaintiffs a right which she did not possess herself. (*Brownell* v. *Curtis*, 10 Paige, 210, 219; *Storm* v. *Davenport*, 1 Sandf. Ch. 135, 137; *Bynum* v. *Miller*, 86 N. C. 559; 41 Am. Rep. 467.)

If the assignment to Lane & Moore had been absolute, so that the plaintiffs would be compelled to procure it to be set aside as fraudulent in order to establish a prior right to the accounts, the position of the appellants would not be without force under the authorities cited. But the assignment was only as collateral security, not for a debt specified or described, but " for any indebtedness due or owing from " the assignor to the assignees. The instrument of transfer does not assert, except by implication, that any debt existed, as, in fact, none did exist, for by mistaken conception of right, rather than with actual fraudulent intent, the debt intended to be secured was not that of the assignor, but of her husband. Obviously Mrs. Christian had something to assign, to wit, what remained after the debts owing by her to Lane & Moore were paid. That interest

belongs to the plaintiffs, and they can ask the court to protect it without attacking the first assignment, but standing on it and acting, not in hostility, but in subordination to it. They had a right to an accounting to ascertain the amount of the indebtedness of Mrs. Christian to Lane & Moore, and to have the remainder of the fund awarded to them. It so happens that there was no indebtedness between the parties named in the first assignment, and hence the plaintiffs are entitled to the whole of the proceeds of the accounts, not exceeding the amount of their debt. They took title subject to the title of Lane & Moore. If the latter had a debt against their assignor, the plaintiffs on extinguishing it by payment, would have had absolute title to the extent of their debt. The same result follows from the fact that Lane & Moore had no debt to be secured. They took nothing, and the plaintiffs stand next in order, without raising the question of fraud in the first transfer, but simply claiming that it was ineffectual because, although a collateral assignment, it had no debt to rest upon. Recognizing it as a valid instrument, as distinguished from one fraudulent and void, they say to Lane & Moore, in substance : " Take out your debt and give us the balance," but the answer must be " We have no debt." " Then," the plaintiffs say, " we are entitled to the whole," and I see no answer to the position, for the plaintiffs make no claim with reference to the first assignment that Mrs. Christian might not lawfully have made herself. While this may not be consistent with the theory of the complaint, it is a logical and necessary result from the conceded facts.

There must be judgment accordingly, but as Hammond & Co. shook the bush, while the plaintiffs get the bird, with costs payable out of the fund only.